## SENEY *v.* WABASH WESTERN RAILWAY COMPANY.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF MISSOURI.

No. 26. Argued October 23, 24, 1893. — Decided November 20, 1893.

This case is not distinguishable in principle from *United States Trust Company* v. *Wabash Western Railway Company, ante,* 287.

THIS was also an intervening petition against Humphreys and Tutt, receivers of the property of the Wabash, St. Louis and Pacific Railway Company, and was instituted by Seney as trustee in a mortgage covering what was known as the "Clarinda branch" of the Wabash Railway, to recover a rental equal to the interest at six per cent on $264,000 of bonds, from August 1, 1884, to April 1, 1886, which bonds were secured by a mortgage to Seney as trustee.

On July 15, 1879, the Clarinda and St. Louis Railroad Company, being the owner of a projected railway, eleven miles in length, extending from Clarinda, Iowa, in a southerly direction to a point on the state line between Iowa and Missouri, leased its road to the St. Louis, Kansas City and Northern Railway, the owner of another road extending from that point on the state line to Rosebury, Missouri. For the purpose of raising the funds necessary to complete and equip that branch, the lessee issued bonds to the amount of $264,000, interest payable in February and August, and mortgaged both branches of the

line to Seney as trustee. The mortgage to Seney did not purport to convey to him any of the income or earnings of the road. By way of further assurance, the Clarinda and St. Louis Company executed to the same trustee a guaranty mortgage conveying all its right, title, and interest in the road subject only to the lease.

Upon the execution of this lease and these mortgages, which formed a single transaction, the St. Louis, Kansas City and Northern Railway took possession of the demised premises, and with the proceeds of the bonds constructed and subsequently operated the Clarinda branch until November 10, 1879, when it was consolidated with the Wabash Company and subsequently became a part of the Wabash, St. Louis and Pacific Company. This branch passed into the hands of the receivers and became subject to the orders of May 27, June 28, 1884, and April 16, 1885, referred to in the previous case.

Seney, the trustee, did not attempt possession of the premises until March 22, 1886, when he filed his petition in the Wabash case, reciting the defaults that had occurred in the payment of interest upon the bonds secured by his mortgage, and praying for the surrender of the road to a receiver to be appointed by another court in a suit brought to foreclose his mortgage. On April 6, 1886, the court ordered the surrender made. While the Clarinda branch was in possession of the receivers, they expended in necessary maintenance, operation, and taxes a large sum in excess of the gross earnings therefrom. The master to whom the case was referred was of the opinion that, under the order of June 28, 1884, the receivers were only bound to pay the interest on the Clarinda bonds after meeting such other obligations as they had been directed to pay by the former orders of the court ; found that the petitioner had not brought himself within the terms of that order ; and recommended that the petition be dismissed, which was subsequently done. 34 Fed. Rep. 259 ; 38 Fed. Rep. 63. From this decree Seney appealed to this court.

The case was argued with Nos. 51 and 57, *ante,* 287.

*Mr. Edward W. Sheldon* and *Mr. Theodore Sheldon* for appellant.

*Mr. F. W. Lehmann* for appellee. *Mr. Wells H. Blodgett* and *Mr. Thomas H. Hubbard* filed briefs for the same.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

This case differs from the preceding one in the facts that rental to the amount of $7920 was paid to August 1, 1884, instead of October 1, and possession of the road was ordered to be surrendered to Seney as trustee on April 6, 1886. No complaint was made of unnecessary delay in giving up possession after application was made therefor. The case is not distinguishable in principle from the other, and the decree of the court below dismissing the petition is, therefore,

*Affirmed.*